IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LOUIS W. FENNELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | )   CIV-09-449-F |
| v. | ) |
| | ) |
| JUSTIN JONES, et al., | ) |
| | ) |
| Respondents. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the Petition be transferred to the United States District Court for the Eastern District of Oklahoma.

In his hand-written Petition filed April 28, 2009, Petitioner alleges that the application of amendments to the rules of the Oklahoma Pardon and Parole Board governing parole considerations violate due process and ex post facto guarantees. Petitioner also alleges that certain disciplinary proceedings conducted at the Oklahoma State Penitentiary in McAlester, Oklahoma, where Petitioner was incarcerated, violated his due process rights and he seeks the "[i]ssuance of a writ of habeas corpus from this Court directing Respondent prison administrative authority to expunge misconduct convictions from Okla. Dept. of Corrections

and Parole Board record." Petition, at 15. Because the Petitioner's claims and the relief being sought by Petitioner were unclear and because the hand-written Petition did not provide necessary information, Petitioner was directed to file his Petition on the proper form. Petitioner has now filed an amended Petition for Writ of Habeas Corpus on the form provided for 28 U.S.C. § 2254 petitions. In this amended Petition, Petitioner asserts that "the state deprived me of minimum procedures appropriate under the circumstances and required by the Due Process Clause." Amended Petition, at 6. Petitioner directs the Court to his hand-written Petition for supporting facts. Petitioner states that he is seeking "prospective habeas relief in the form of [an] order directing expungment [sic] of disciplinary convictions from (O.D.O.C.) and Parole Board record seeking to enhance prospects for favorable suitability for parole determination." In his prayer for relief, Petitioner states he is asking the Court to grant "[e]xpungment [sic] of 05-5 and 09-3 misconduct infractions from D.O.C. and Parole Board record." Amended Petition, at 15.

"A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000)(internal quotations omitted). The undersigned takes judicial notice of the fact that Petitioner is incarcerated within the jurisdictional confines of the United States District Court for the Eastern District of Oklahoma[1] and that all of the issues raised in the Petition involve actions or omissions occurring within the jurisdictional

---

[1]A change of address form recently filed by Petitioner indicates he has been transferred to a facility located in Holdenville, Oklahoma, a city that is in Hughes County, which is within the jurisdictional confines of the Eastern District of Oklahoma. 28 U.S.C. § 116(b).

confines of the Eastern District of Oklahoma.[2]  "Jurisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court to transfer such action if the transfer is in the interest of justice." Id. at 1150 (internal quotations omitted).  Because the Petition has been filed in the wrong federal district, the undersigned finds that the interest of justice would be served by a transfer of the matter to the proper district, and the undersigned recommends that the matter be transferred to the United States District Court for the Eastern District of Oklahoma.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be transferred to the United States District Court for the Eastern District of Oklahoma.  The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by  June 29th         , 2009, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling.  Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned

---

[2]In his Amended Petition, Petitioner has apparently abandoned his separate claims challenging the actions of the Oklahoma Pardon and Parole Board.

Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this __8th__ day of __June__, 2009.

*Gary M. Purcell* (signature)
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE